FILED
JUN 1 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNDARI K. PRASAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:18-cv-01130-UNA |
| DELTA SIGMA THETA SORORITY, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

1

Plaintiff brings wide-ranging allegations of civil rights violations against several defendants. Plaintiff provides little to no factual context or information to connect any of the defendants or to make out any discernible claim. Plaintiff generally alleges that her ex-boyfriend corresponded and obtained information from members of her former sorority during their custody dispute, which took place in 2015. Compl. at ¶ 13. Plaintiff further alleges that she subpoenaed records from the sorority during the aforementioned custody case. She alleges that thereafter she began receiving harassing messages from other individuals. *Id.* Plaintiff lastly alleges that "…[t]his issue precipitated a whole series of events there were malicious and generated flashbacks and epilepsy…" *Id.* Neither the "issue" nor the "series of events" is identified or described in any manner. *Id.*

The instant complaint consists of a random collection of statements without clarity or particularity. It further lacks discernible claims and jurisdictional basis and thus will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.

Date: June 11, 2018

_____
United States District Judge